IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,634





ADRIAN ESTRADA, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 2006-CR-2079


IN THE 226
TH JUDICIAL DISTRICT COURT


BEXAR COUNTY





 Per curiam.


ORDER



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 226th Judicial
District Court of Bexar County, Cause No. 2006-CR-2079, styled The State of Texas v.
Adrian Estrada. Three motions are currently pending before this Court: a motion from
current counsel of record Suzanne Kramer to withdraw as appellant's direct appeal counsel,
a motion from out-of-state counsel Brian Stull requesting admission as counsel pro hac
vice for the direct appeal of this case, and a motion from Brian Stull requesting an
extension of time for him to file a brief in this case.

 Appellant was convicted of capital murder and sentenced to death on February 7,
2007. Days later, at the request of appellant and Kramer, and upon a finding of good cause,
Kramer, who had been appellant's trial counsel, was appointed to continue as appellant's
counsel on direct appeal. See Tex. Code Crim. Proc. Art. 26.052(k). On February 21 and
23, appellant wrote letters to the trial court in which he stated that he had changed his mind
about continuing with Kramer and wanted new appellate counsel. During a hearing on the
record, appellant explained that his confusion over certain aspects of his case led to him
write those letters. However, after discussing the matter with Kramer, he was satisfied to
allow her to continue representing him.

 Notwithstanding the apparent resolution of this matter, appellant allegedly contacted
the American Civil Liberties Union Capital Punishment Project on May 31, 2007, seeking
representation on his direct appeal. (1) Because of this contact, Stull was prompted to seek
admission to the courts of Texas as appellant's direct appeal counsel pro hac vice. But to
make matters more confusing, counsel of record Kramer stated in a July hearing that, as of
mid-June, appellant continued to express his desire that she continue to represent him on
direct appeal. 

 Because the record gives conflicting information regarding who appellant wants to
represent him on the direct appeal of this case, the trial court is ordered to resolve the
issue on the record. The court is specifically ordered to determine whether appellant
contacted other counsel after the February hearing in which he agreed to continue with
Kramer and, if so, which counsel he wants to represent him in the direct appeal of this case. 
This matter shall be resolved and the record of any hearing conducted and any documentary
evidence received in an effort to resolve the matter shall be submitted to this Court within
30 days of the date of this order. 

 IT IS SO ORDERED THIS THE 11th DAY OF SEPTEMBER, 2007.

Do not publish
1. The only reference in the record regarding this contact is a statement made in Stull's motion for
an extension of time to file a brief.